No. 3582

Second Circuit

———

JOLLIFF v. CHADICK-HAYES CO., INC.

———

(April 10, 1930. Opinion and Decree.)
(July 2, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

———

Lewell C. Butler. of Shreveport, attorney for plaintiff, appellant.

Dickson & Denny, of Shreveport, attorneys for defendant, appellee.

WEBB, J. Plaintiff, G. N. Jolliff, and defendant Chadick-Hayes Company, Inc., entered into a contract under which plaintiff was to be employed as manager of a grocery store and meat market to be opened by defendant, and plaintiff agreed to deposit with defendant $1,000 to guarantee the faithful performance of his obligation, on which amount defendant agreed it would pay plaintiff an amount proportioned upon the dividends earned by the capital stock of defendant, which it guaranteed would not be less than 10 per cent. per annum.

Defendant opened the store on August 31, 1927, and plaintiff, after depositing the amount as above stated, entered into the employment of defendant and continued therein until about August, 1928, when he resigned. This action was brought to recover judgment for the amount of the deposit and the dividends thereon.

Plaintiff alleged that he had managed the business under the direction and control of defendant; that he had fully complied with all of his obligations under the contract; that defendant had refused to return the deposit and pay dividends thereon; and he prayed for judgment accordingly. In answer, defendant admitted the contract and deposit, but denied that plaintiff had operated the business under its control, or that plaintiff had complied with his contract, and alleged that he had failed to account to defendant for $1,737.48 worth of goods and merchandise and for $92.95 cash, and defendant prayed that plaintiff's demands be rejected and for judgment in reconvention for the amounts as stated.

On trial, judgment was rendered in favor of plaintiff for $1,100, the amount of the deposit, and the amount of dividends found to be due, and in favor of defendant on its reconventional demand for the aggregate of the amounts claimed. Plaintiff appeals and complains of the judgment allowing the claim of $1,737.48.

In the contract between the parties, it was stipulated that defendant would supervise and manage the store until in its opinion plaintiff was sufficiently conversant with the business to take charge and continue the management under defendant's supervision and advice; and, when the store was opened, a special representative of defendant was placed in charge, presumably to instruct plaintiff, and, during the period the special representative was in charge, which the record indicates was for two or three weeks, he inaugurated a system of accounting between the store and defendant which appears to have been followed during the period of plaintiff's employment, and, as we gather from the briefs of counsel, the liability of plaintiff to respond for the amount of $1,737.48 is based upon the system of accounting, when considered with the stipulation in the contract that plaintiff should sell the merchandise at the prices at which it was invoiced or billed to the store, and for cash only.

There was not any explanation of the details of the system, but we gather from the record that, at the end of the week following the opening of the store, defendant's special representative remitted the proceeds of sales, accompanied with a statement made up by him, a copy of which was retained by the representative at the store, on which statement the debit items were the amounts of the invoices of merchandise delivered to the store, and the credit items were the proceeds of sales and deductions of the invoice values of merchandise which, due to its inherent nature, had become unsalable, and some

other deductions, the nature of which is not clearly shown by the record, and the difference in balance between the debit and credit items was shown on the statement as representing the invoice value of the merchandise in the store at that time; that the same system was followed for the succeeding weeks, the balance shown on the previous statement, and the amounts of the invoices of merchandise delivered to the store during the week constituting the debit items.

Thus, as we gather from the argument, the system enabled the parties to determine at the end of each week, not only the invoice value of the merchandise in the store, but also fixed the extent of plaintiff's liability. However, at the time plaintiff resigned, the system indicated that the invoice value of the merchandise in the store was $2,742.48, while an inventory of the merchandise taken at that time showed that the invoice value of the merchandise was only $1,005, or $1,737.48 less than indicated by the system of accounting.

The evidence established that in the grocery and meat market business there are many losses which are not due to the fault of the persons conducting the business, such as losses resulting from petty pilfering, merchandise losing in weight, and lack of precision of salesmen in weighing and measuring the merchandise, as well as from some of the merchandise becoming unsalable, but, as we gather from the argument of counsel, it is contended that, under the stipulation binding plaintiff to sell the merchandise at the prices fixed by defendant and for cash only, and the method of accounting, under which deductions were allowed only for merchandise which became unsalable, plaintiff assumed responsibility for all other losses, and that the weekly statements should be regarded as in the nature of accounts stated in which plaintiff acknowledged liability for the balance shown on the statements, as representing the invoice value of the merchandise on hand.

While the evidence we think demonstrates that the system of accounting was valueless as indicating the invoice value of the merchandise on hand at the end of each week, we do not think the statements may be regarded as fixing the liability of plaintiff for the amount of the balance shown on the weekly statements, even though it should be said that, under the stipulation binding plaintiff to sell the merchandise for cash only and at the prices fixed by defendant, the relationship between the parties was analogous to that existing between a depositary and depositor.

The evidence, as stated, shows that defendant was in active control and management of the business during a period of several weeks after the store was opened, and it also establishes that, during the period of plaintiff's employment, plaintiff was absent on several occasions due to illness and for other reasons with the consent of defendant, and that during such periods defendant was in active control and management of the business through its special representative, and that an inventory of the merchandise was not taken when plaintiff was given charge, after the retirement of defendant's special representative who inaugurated the system of accounting or when plaintiff was relieved by defendant's special representative or when he resumed charge, and that during the periods defendant was in charge, through its representatives, merchandise was delivered, and that defendant made up the weekly statements.

There was not any evidence showing that plaintiff was advised that he would be held for the balance shown on the weekly statements under the system of accounting inaugurated by defendant, or that the system was established to fix the extent of his liability, or that plaintiff had agreed to be liable for the invoice value of merchandise indicated by the statements to have been in the store.

While the system inaugurated by defendant may have correctly shown the returns received by it from the store, yet, as stated, the invoice showing that the store was under the active control and management of defendant for a part of the period of plaintiff's employment, it is impossible to determine whether the losses indicated by the system occurred during the time plaintiff was in charge, or while defendant was in charge. And while it is suggested that the special representatives of defendant were merely sub-agents of plaintiff and that he was liable for their faults and negligence and bound to account to defendant for merchandise delivered to the store while the special representatives were in charge, there was not any stipulation in the contract or proof to that effect.

While there cannot be any question that plaintiff was bound to account to defendant for his administration of the business, whether plaintiff should do so as an agent or mandatary or as an employee or servant, but he can be held to account only for his own administration, and not for the administration of defendant, and to hold plaintiff liable under the system of accounting would be to hold plaintiff not only for his administration, but also for the administration or management of the business by defendant.

It is therefore ordered that the judgment appealed from be amended, and the amount of the judgment in favor of defendant and against plaintiff be reduced to $92.95, and, as amended, the judgment is affirmed; defendant to pay the cost of appeal.